ChUNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ROGER C. CHASE, II,

    Plaintiff,

v.                                                                                                  Hon. Sally J. Berens

COMMISSIONER OF                                                          Case No. 1:21-cv-414
SOCIAL SECURITY,

    Defendant.
_____/

**OPINION**

This is an action pursuant to Section 205(g) of the Social Security Act, 42 U.S.C. § 405(g), to review a final decision of the Commissioner of Social Security denying Plaintiff's claim for Disability Insurance Benefits (DIB) under Title II of the Social Security Act. The parties have agreed to proceed in this Court for all further proceedings, including an order of final judgment.

Section 405(g) limits the Court to a review of the administrative record and provides that if the Commissioner's decision is supported by substantial evidence and in accordance with the law it shall be conclusive. The Commissioner has found that Plaintiff is not disabled within the meaning of the Act. Plaintiff seeks judicial review of this decision.

For the following reasons, the Court will **reverse** the Commissioner's decision and **remand** the matter for further factual findings pursuant to sentence four of 42 U.S.C. § 405(g).

**Standard of Review**

The Court's jurisdiction is confined to a review of the Commissioner's decision and of the record made in the administrative hearing process. *See Willbanks v. Sec'y of Health and Human Servs.*, 847 F.2d 301, 303 (6th Cir. 1988). The scope of judicial review in a social security case is

limited to determining whether the Commissioner applied the proper legal standards in making his decision and whether there exists in the record substantial evidence supporting that decision. *See Brainard v. Sec'y of Health and Human Servs.*, 889 F.2d 679, 681 (6th Cir. 1989). The Court may not conduct a de novo review of the case, resolve evidentiary conflicts, or decide questions of credibility. *See Garner v. Heckler*, 745 F.2d 383, 387 (6th Cir. 1984). It is the Commissioner who is charged with finding the facts relevant to an application for disability benefits, and those findings are conclusive provided they are supported by substantial evidence. *See* 42 U.S.C. § 405(g).

Substantial evidence is more than a scintilla, but less than a preponderance. *See Cohen v. Sec'y of Dept. of Health and Human Servs.*, 964 F.2d 524, 528 (6th Cir. 1992). It is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *See Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Bogle v. Sullivan*, 998 F.2d 342, 347 (6th Cir. 1993). In determining the substantiality of the evidence, the Court must consider the evidence on the record as a whole and take into account whatever in the record fairly detracts from its weight. *See Richardson v. Sec'y of Health and Human Servs.*, 735 F.2d 962, 963 (6th Cir. 1984). As has been widely recognized, the substantial evidence standard presupposes the existence of a zone within which the decision maker can properly rule either way, without judicial interference. *See Mullen v. Bowen*, 800 F.2d 535, 545 (6th Cir. 1986). This standard affords to the administrative decision maker considerable latitude and indicates that a decision supported by substantial evidence will not be reversed simply because the evidence would have supported a contrary decision. *See Bogle*, 998 F.2d at 347; *Mullen*, 800 F.2d at 545.

**Procedural Posture**

Plaintiff filed a prior application for DIB on April 21, 2015, alleging a disability onset date of April 15, 2015. On October 18, 2017, following a hearing, Administrative Law Judge (ALJ) Cynthia S. Harmon issued a written decision that Plaintiff had not been disabled from his alleged

onset date through the date of the decision. (PageID.111–18.) After the Appeals Council denied his request for review, Plaintiff filed an action in this Court for judicial review of the Commissioner's decision. On March 25, 2020, Magistrate Judge Ray Kent issued an opinion affirming the Commissioner's decision. *See Chase v. Comm'r of Soc. Sec.*, No. 1:18-cv-873, 2020 WL 1443248 (W.D. Mich. Mar. 25, 2020) ("*Chase* I").

Plaintiff filed his instant application for DIB on July 5, 2018, alleging that he became disabled as of October 19, 2018, due to a muscle tear in the left shoulder, arthritis, back problems and pain, and degenerative disc disease. (PageID.131, 258–59.) Plaintiff was age 47 at the time of his alleged onset date and age 48 when he filed his application. (PageID.130) He had completed the twelfth grade and had previous employment as an injection mold operator, a truck driver, a small products bench assembler, and a fabricator assembler. (PageID.57, 295.) After Plaintiff's application was denied, he requested a hearing before an ALJ.

ALJ Donna J. Grit conducted a hearing by telephone on June 3, 2020, and received testimony from Plaintiff and Susan J. Rowe, an impartial vocational expert. (PageID.68–106.) On August 7, 2020, the ALJ issued a written decision finding that Plaintiff was not disabled from his alleged onset date through the date of the decision. (PageID.48–59.) The Appeals Council denied Plaintiff's request for review on April 14, 2021 (PageID.34–36), making ALJ Grit's August 4, 2020 decision the Commissioner's final decision. *See Cook v. Comm'r of Soc. Sec.*, 480 F.3d 432, 434 (6th Cir. 2007).

Plaintiff initiated this action for judicial review on May 18, 2021.

**Analysis of the ALJ's Opinion**

The social security regulations articulate a five-step sequential process for evaluating disability. *See* 20 C.F.R. §§ 404.1520(a-f), 416.920(a-f).[1] If the Commissioner can make a dispositive finding at any point in the review, no further finding is required. *See* 20 C.F.R. §§ 404.1520(a), 416.920(a). The regulations also provide that if a claimant suffers from a nonexertional impairment as well as an exertional impairment, both are considered in determining her residual functional capacity. *See* 20 C.F.R. §§ 404.1545, 416.945.

The burden of establishing the right to benefits rests squarely on Plaintiff's shoulders, and he can satisfy his burden by demonstrating that his impairments are so severe that he is unable to perform his previous work, and cannot, considering his age, education, and work experience, perform any other substantial gainful employment existing in significant numbers in the national economy. *See* 42 U.S.C. § 423(d)(2)(A); *Cohen*, 964 F.2d at 528. While the burden of proof shifts to the Commissioner at step five, Plaintiff bears the burden of proof through step four of the procedure, the point at which his residual functional capacity (RFC) is determined. *See Bowen v.*

---

[1]  1. An individual who is working and engaging in substantial gainful activity will not be found to be "disabled" regardless of medical findings (20 C.F.R. §§ 404.1520(b), 416.920(b));

2. An individual who does not have a "severe impairment" will not be found "disabled" (20 C.F.R. §§ 404.1520(c), 416.920(c));

3. If an individual is not working and is suffering from a severe impairment which meets the duration requirement and which "meets or equals" a listed impairment in Appendix 1 of Subpart P of Regulations No. 4, a finding of "disabled" will be made without consideration of vocational factors (20 C.F.R. §§ 404.1520(d), 416.920(d));

4. If an individual is capable of performing her past relevant work, a finding of "not disabled" must be made (20 C.F.R. §§ 404.1520(e), 416.920(e));

5. If an individual's impairment is so severe as to preclude the performance of past work, other factors including age, education, past work experience, and residual functional capacity must be considered to determine if other work can be performed (20 C.F.R. §§ 404.1520(f), 416.920(f)).

*Yuckert*, 482 U.S. 137, 146 n.5 (1987); *Walters v. Comm'r of Soc. Sec.*, 127 F.3d 525, 528 (6th Cir. 1997).

After finding that Plaintiff met the insured status requirements of the Act through March 31, 2020, and had not engaged in substantial gainful activity since his alleged onset date through his date last insured, the ALJ found that Plaintiff suffered from the severe impairments of cervical, thoracic, and lumbar degenerative disc disease; left shoulder degenerative joint disease; teres minor muscle tear and atrophy; and obesity. (PageID.51.) The ALJ found that Plaintiff's left parotid tumor status-post surgical removal was non-severe. She further concluded that the record failed to demonstrate a medically determinable mental impairment and that his temporomandibular joint disorder and vertigo were non-medically determinable impairments. (PageID.52.) At step three, the ALJ determined that Plaintiff does not have an impairment or combination of impairments that meets or medically equals any impairment identified in the Listing of Impairments detailed in 20 C.F.R., Part 404, Subpart P, Appendix 1. The ALJ considered listings 1.02 and 1.04. (PageID.52.)

With respect to Plaintiff's RFC, the ALJ determined that he retained the capacity to perform a range of light work as defined in 20 C.F.R. § 404.1567(b), except:

> The claimant can never climb ladders, ropes, or scaffolds and he cannot engage in work that would require crawling. The claimant can perform only occasional stooping. He must avoid more than occasional exposure to vibration. He can only occasionally engage in the rotation, flexion, and extension of the neck and with only occasional neck movements. He cannot reach overhead; cannot work at unprotected heights or work with dangerous moving machinery. The claimant is limited to understanding, remembering and applying information to perform simple tasks, to make simple decisions, focusing and completing simple tasks and adapting to routine changes in the workplace (due to the use of medication and marijuana).

(PageID.52.)

At step four, the ALJ determined that Plaintiff is unable to perform any past relevant work. (PageID.56–57.) At step five, however, the ALJ found that an individual of Plaintiff's age,

5

education, work experience, and RFC could perform the occupations of information clerk, sales attendant, and office helper, 148,000 of which existed in the national economy. (PageID.58–59.) This represents a significant number of jobs. *See, e.g., Taskila v. Comm'r of Soc. Sec.*, 819 F.3d 902, 905 (6th Cir. 2016) ("[s]ix thousand jobs in the United States fits comfortably within what this court and others have deemed 'significant'").

## Discussion

Plaintiff raises three issues in his appeal:

(1) The ALJ committed reversible error because she did not give the required fresh look at the evidence in this case;

(2) The ALJ committed reversible error because she did not have substantial evidence to support her residual functional capacity determination for Plaintiff; and

(3) The appointment of Andrew Saul as a single Commissioner of the Social Security Administration who is removable only for cause and who serves a longer term than that of the President of the United States violates the separation of powers provision and thus causes the decision in this case to be constitutionally defective because the ALJ and the Appeals Council derived their authority from Saul.

(ECF No. 14 at PageID.587.)

### I. Failure to Comply with *Earley*

As set forth above, Plaintiff's previous application for DIB benefits was denied, and the Commissioner's decision was affirmed in *Chase I*. As part of his appeal, Plaintiff argued that the case should be remanded pursuant to sentence six of 42 U.S.C. § 405(g) for evaluation of MRI findings concerning his left shoulder. Magistrate Judge Kent rejected the argument because Plaintiff failed to demonstrate good cause for failing to present this evidence to the prior ALJ. 2020 WL 1443248, at *4–5.

There is no dispute that ALJ Grit considered this evidence, in addition to other medical evidence that was generated subsequent to the prior ALJ decision, in addressing Plaintiff's current application. Plaintiff argues, however, that ALJ Grit failed to comply with the Sixth Circuit's

6

decision in *Earley v. Commissioner of Social Security*, 893 F.3d 929 (6th Cir. 2018), which clarified certain aspects of its prior decisions in *Drummond v. Commissioner of Social Security*, 126 F.3d 837 (6th Cir. 1997), and *Dennard v. Secretary of Health and Human Services*, 907 F.2d 598 (6th Cir. 1990). In *Drummond*, the Sixth Circuit held that, absent evidence of "changed circumstances," an ALJ in a subsequent case is bound by the findings of an ALJ in a previous case. 126 F.3d at 841–42. Because *Drummond* conflicted with Social Security Administration policy, *see Gale v. Comm'r of Soc. Sec.*, No. 1:18-cv-859, 2019 WL 8016516, at *4 (W.D. Mich. Apr. 17, 2019), *report and recommendation adopted*, 2020 WL 871201 (W.D. Mich. Feb. 21, 2020), the Social Security Administration issued AR 98-4(6) to explain how the Social Security Administration will apply *Drummond* to cases within the Sixth Circuit:

> When adjudicating a subsequent disability claim with an unadjudicated period arising under the same title of the Act as the prior claim, adjudicators must adopt such a finding from the final decision by an ALJ or the Appeals Council on the prior claim in determining whether the claimant is disabled with respect to the unadjudicated period unless there is new and material evidence relating to such a finding or there has been a change in the law, regulations or rulings affecting the finding or the method for arriving at the finding.

1998 WL 274052, at *29773 (SSA June 1, 1998).

In *Earley*, the Sixth Circuit clarified *Drummond* in light of some confusion over its parameters. The ALJ in that case determined that *Drummond* required that he give preclusive effect to a prior RFC determination absent "new and material evidence documenting a significant change in the claimant's condition." 893 F.3d at 930. The court clarified that res judicata properly applies when the claimant files a second application covering the same previously-adjudicated period "and offers no cognizable explanation for revisiting the first decision." *Id.* at 933. But it noted that the doctrine does not apply in cases involving a new period of time. "When an individual seeks disability benefits for a distinct period of time, each application is entitled to review. There is nothing in the relevant statutes to the contrary. And res judicata only 'foreclose[s] successive

7

litigation of the very same claim.'" *Id.* (citing *New Hampshire v. Maine*, 532 U.S. 742, 748 (2001)). Thus, an application covering a new period warrants "fresh review," but not necessarily "blind review." *Id.* at 934. That is, an ALJ is permitted to "consider what an earlier judge did if for no other reason than to strive for consistent decision making." *Id.* As one court has observed, *Earley* was primarily concerned with fairness to the claimant. "[T]he claimant should not come into the new hearing and face a presumption that the findings at the prior hearing were correct." *Ferrell v. Berryhill*, No. 1:16-cv-50, 2019 WL 2077501, at *5 (E.D. Tenn. May 10, 2019).

Although the ALJ said that she had "taken a 'fresh look' at the current application" as Plaintiff's counsel had urged her to do (PageID.52), it is not clear that she properly complied with *Earley*. For instance, she cited AR 98-4(6) and found no reason to depart from the prior RFC because "[t]here ha[d] not been much change in the back impairment." (PageID.53.) In other words, her decision suggests that, rather than considering the application anew, she began with the prior ALJ's findings and then melded the new findings onto the prior RFC. As explained in *Sandusky v. Commissioner of Social Security,* No. 1:19-cv-967, 2021 WL 972805 (W.D. Mich. Mar. 16, 2021), however, the ALJ should consider the new claim based on the claimant's condition at the applicable onset date and then consider the previous RFC "'to strive for consistent decision making.'" *Id.* at *4 (quoting *Earley*, 893 F.3d at 933–34). The ALJ did not do that.[2]

Accordingly, the matter will be reversed and remanded to allow the Commissioner to re-evaluate Plaintiff's RFC during the relevant time period.

---

[2] Plaintiff argues in her reply that the ALJ's failure consider Dr. Recknagle's findings with regard to Plaintiff's left shoulder demonstrates that the ALJ failed to give his application a "fresh review." (ECF No. 18 at PageID.630.) Because Plaintiff did not raise the argument in his opening brief, the Court need not address it. Nonetheless, the fact that the ALJ did not address a particular piece of new evidence, when other new evidence was considered, is not dispositive of whether the ALJ gave the subsequent application "fresh review."

8

## II. Evaluation of Subjective Symptoms

Plaintiff next contends that the ALJ erred by failing to sufficiently explain the basis for her evaluation of Plaintiff's subjective symptoms.

An ALJ evaluates a claimant's statements concerning the intensity, persistence, and limiting effects of symptoms of an alleged disability in accordance with SSR 16-3p. "While SSR 16-3p eliminated the use of the term 'credibility,' the regulatory analysis remains the same." *Karmol v. Comm'r of Soc. Sec.*, No. 1:17-cv-977, 2019 WL 1349485, at *3 (W.D. Mich. Mar. 26, 2019). As explained in *Palmer v. Commissioner of Social Security*, No. 1:17-cv-577, 2018 WL 4346819 (W.D. Mich. Aug. 9, 2018), *report and recommendation adopted*, 2018 WL 4334623 (W.D. Mich. Sept. 11, 2018):

> The longstanding two-part analysis for evaluating symptoms applies. 20 C.F.R. § 404.1529(a). "An ALJ must first determine 'whether there is an underlying medically determinable physical impairment that could reasonably be expected to produce the claimant's symptoms.' If such an impairment exists, the ALJ 'must evaluate the intensity, persistence, and limiting effects of the symptoms on the individual's ability to do basic work activities.'" *Morrison v. Commissioner*, 2017 WL 4278378, at *4 (quoting *Rogers v. Commissioner*, 486 F.3d 234, 247 (6th Cir. 2007)). Relevant factors to be considered in evaluating symptoms are listed in 20 C.F.R. § 404.1529(c)(3). "It is well established that the ALJ is not required to discuss every factor or conduct a factor-by-factor analysis." *Pratt v. Commissioner*, No. 1:12-cv-1084, 2014 WL 1577525, at *3 (W.D. Mich. Apr. 21, 2014) (collecting cases); *see also Carsten v. Commissioner*, No. 15-14379, 2017 WL 957455, at *4 (E.D. Mich. Feb. 23, 2017).

*Id.* at *6.

Consistent with prior ruling SSR 96-7p, *see Rogers*, 486 F.3d at 248, SSR 16-3p explains that an ALJ's decision must "contain specific reasons for the weight given to an individual's symptoms, be consistent with and supported by the evidence, and be clearly articulated so that the individual and any subsequent reviewer can assess how the adjudicator evaluated the individual's symptoms." 2017 WL 5180304, at *10. Moreover, the same rules of review apply to an ALJ's

9

assessment of a claimant's symptoms under SSR 16-3p that applied to a credibility assessment under SSR 96-7p. That is, the ALJ's determination must be afforded deference so long as it is supported by substantial evidence. *Walters v. Comm'r of Soc. Sec.*, 127 F.3d 525, 531 (6th Cir. 1997). "[A]n ALJ's findings based on the credibility of the applicant are to be accorded great weight and deference, particularly since an ALJ is charged with the duty of observing a witness's demeanor and credibility." *Id.* The Sixth Circuit has said that such findings "may not be disturbed absent compelling reason," and in general, "are virtually unchallengeable." *Ritchie v. Comm'r of Soc. Sec.*, 540 F. App'x 508, 511 (6th Cir. 2013) (internal quotation marks omitted). However, "blanket assertions that the claimant is not believable will not pass muster, nor will explanations as to credibility which are not consistent with the entire record and the weight of the relevant evidence." *Rogers*, 486 F.3d at 248.

> After discussing Plaintiff's hearing testimony, the ALJ wrote:
>
> After careful consideration of the evidence, I find that the claimant's medically determinable impairments could reasonably be expected to cause the alleged symptoms; however, the claimant's statements concerning the intensity, persistence and limiting effects of these symptoms are not entirely consistent with the medical evidence and other evidence in the record for the reasons explained in this decision. As for the claimant's statements about the intensity, persistence, and limiting effects of his symptoms, they are inconsistent with the medical evidence of record and with the record as a whole [SSR 16-3p].

(PageID.54.) The ALJ proceeded to discuss the medical and opinion evidence, but said nothing more about her evaluation of Plaintiff's subjective symptoms.

As noted above, SSR 16-3p requires an ALJ to clearly articulate her specific reasons for the weight she gave to the claimant's subjective symptoms "so that the individual and any subsequent reviewer can assess how the adjudicator evaluated the individual's symptoms." 2017 WL 5180304, at *10. Here, the ALJ failed adequately to explain why she found Plaintiff's subjective complaints inconsistent with the medical or other evidence in the record. *See Gross v.*

10

*Comm'r of Soc. Sec.*, 247 F.Supp.3d 824, 829-30 (E.D. Mich. 2017) (ALJ decision must provide accurate and logical bridge between evidence and result, and must permit meaningful review). The ALJ's decision is not sufficiently specific to make clear to this Court the weight she gave to Plaintiff's statements and the reasons for that weight. While the ALJ referred to "the medical evidence" and "the record as a whole," she provided no specific analysis that would permit this Court to determine that substantial evidence supports her evaluation of Plaintiff's subjective statements. *See Fish v. Comm'r of Soc. Sec.,* No. 1:18-CV-1257, 2019 WL 8129461, at *4 (W.D. Mich. Oct. 3, 2019), *report and recommendation adopted*, 2020 WL 1028055 (W.D. Mich. Mar. 3, 2020) (finding "the ALJ's decision to discount Plaintiff's testimony and other statements is not supported by substantial evidence" because the court was "left to guess as to . . . the ALJ's logic or reasoning" that was "not readily discernable from her opinion."). Moreover, there was no "thorough explanation elsewhere of h[er] reasons for doubting [Plaintiff's] account." *Forrest v. Comm'r or Soc. Sec.*, 591 F. App'x 359, 366 (6th Cir. 2014). It may be that substantial evidence supports that ALJ's assessment of Plaintiff's subjective symptoms, but without some reasoned explanation, the Court cannot conclude that such is the case. *See Hurst v. Sec'y of Health & Human Servs.*, 753 F.2d 517, 519 (6th Cir. 1985) ("It is more than merely 'helpful' for the ALJ to articulate reasons . . . for crediting or rejecting particular sources of evidence. It is absolutely essential for meaningful appellate review." (quoting *Zblewski v. Schweiker*, 732 F.2d 75, 78 (7th Cir. 1984))).

Accordingly, remand is appropriate for the ALJ to re-evaluate Plaintiff's subjective symptoms and explain why they are not supported by the medical and other evidence.[3]

---

[3] As Plaintiff recognizes, because the matter is being remanded on other grounds, the Court need not reach her constitutional argument. (ECF No. 14 at PageID.591.)

**Conclusion**

For the reasons stated above, the Commissioner's decision is **reversed and remanded** for further factual findings consistent with this Opinion pursuant to sentence four of 42 U.S.C. § 405(g).

An order consistent with this opinion will enter.

Dated: July 18, 2022                              /s/ Sally J. Berens
                                                  SALLY J. BERENS
                                                  U.S. Magistrate Judge